UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH FRANCIS, | ) | C/A No. 4:10-1663-RMG-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN, EVANS CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Christopher Joseph Francis, (Petitioner/Francis) was an inmate in the custody of the South Carolina Department of Corrections (SCDC) at the time of the filing of this action. Petitioner is presently on community supervision as part of the sentence from his Lancaster County convictions, after being released by the SCDC on September 1, 2010. Petitioner, appearing pro se, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 29, 2010. Respondent filed a return and motion to dismiss on December 3, 2010, along with a return and supporting memorandum. The undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion to dismiss and the possible consequences if he failed to file a response. Petitioner filed a response in opposition to the motion to dismiss on January 5, 2011.

**I. PROCEDURAL HISTORY**

The procedural history as set out by the Respondent has not been seriously disputed by the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

At the April 2002 term, the Lancaster County Grand Jury indicted Petitioner for armed robbery and possession of a firearm during commission of a violent crime (02-GS-29-0562 & -0563). Petitioner was represented at the trial level by Ross Burton, Esquire. On October 9, 2002, Petitioner pleaded guilty to both charges before the Honorable Kenneth Goode. Pursuant to a negotiated plea agreement with the prosecution, the Honorable Kenneth Goode sentenced Petitioner to the minimum sentences for his crimes – ten (10) years in prison for armed robbery and a concurrent five (5) years in prison for possession of a firearm.

Petitioner attempted to appeal. However, the South Carolina Court of Appeals issued an Order on November 6, 2002, in which it dismissed the appeal for failure to serve the notice of appeal within the required time period. The Remittitur was issued on November 22, 2002.

Petitioner filed his pro se Application for Post-Conviction Relief ("APCR") on May 22, 2003 (03-CP-24-0500). In his Application, Petitioner raised the following claims:

(1) Ineffective assistance of counsel.

Petitioner then filed another pro se APCR on October 11th, 2003 (03-CP-29-961), in which he raised the following claims:

(1) Ineffective assistance of counsel.

(2) Violation of 4th Amendment. The two cases were consolidated by order on December 29, 2003. The State filed a Return on June 14, 2004.

While the PCR action was pending, Petitioner filed his first federal habeas corpus action (05-cv-2726). Following a return and motion for summary judgment by the officers of the State,

as well as a supplemental return, the undersigned issued a Report and Recommendation on May 11, 2006, recommending the habeas petition be dismissed without prejudice because of pending state remedies. Following objections by Petitioner, United States District Judge Henry F. Floyd issued an Order on June 13, 2006, in which he accepted the Report and Recommendation and dismissed the action without prejudice. Petitioner then sought an appeal with the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit denied the certificate of appealability and dismissed the appeal on November 22, 2006. The mandate issued on December 14, 2006.

Petitioner then filed a second pro se Application for Post-Conviction Relief ("APCR2") on August 25, 2008 (08-CP-29-0973). An evidentiary hearing was held on February 9, 2010, before the Honorable Brooks P. Goldsmith. On march 9, 2010, after the second PCR action was dismissed on procedural grounds, Judge Goldsmith granted Petitioner a belated appeal from his first PCR action. On March 22, 2010, Petitioner filed the notice of appeal in the Supreme Court of South Carolina to secure the belated review. Said appeal is still pending. While securing the belated review from his first PCR action, Petitioner filed his second federal habeas action (08-cv-3871). In the second federal habeas petition, Petitioner raised the following allegation:

Ground One:    Ineffective Assistance of Counsel.

Supporting Grounds: Plea counsel was ineffective for failure to file a motion to suppress evidence that was obtained in violation of the 4th Amendment of the U.S. Constitution.

On June 22, 2009, Respondent moved for summary judgment arguing the action was barred by the statute of limitations, and, in the alternative, should be dismissed for failure to exhaust state remedies. On February 4, 2010, the undersigned issued a Report and Recommendation

recommending Respondent's motion be granted in part and the action dismissed without prejudice to allow Petitioner the opportunity to exhaust all state court remedies. Both parties filed objections to the Report. On March 24, 2010, United States District Court Judge Henry F. Floyd issued an Order that rejected Respondent's statute of limitations argument, and dismissed the action without prejudice in order to exhaust PCR remedies, specifically the PCR appeal. On April 15, 2010, Petitioner filed a motion to reconsider and or to stay the action under Rhines v. Weber, 544 U.S. 269 (2005). On April 26, 2010, Judge Floyd denied the motion to reconsider and specifically found the action was not subject to a Rhine stay as it was not a mixed petition because none of the issues had been exhausted. Petitioner appealed to the Fourth Circuit which dismissed the appeal on August 9, 2010. On October 4, 2010, the Court of Appeals denied Petitioner's petition for rehearing, and, on October 12, 2010, issued the mandate. Petitioner filed this current federal habeas petition on June 29, 2010.

## II. GROUNDS FOR RELIEF

The following grounds are raised in the Petition:

> **Ground One:** Trial Counsel was ineffective.
>
> **Supporting Facts:** Counsel failed to make a motion to suppress evidence the sole evidence against Petitioner which was obtained in violation of Petitioner's 4th Amendment rights.

(Petition).

## III. MOTION TO DISMISS

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978),

and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, ---U.S. ----, ----, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The

reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal: [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant- unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

### IV. STANDARD OF REVIEW

Since Francis filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted

>in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. EXHAUSTION

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories

rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts

before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any

means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

## VI.  ANALYSIS

Respondent argues that the Petitioner has failed to exhaust state remedies.   In the response to the motion to dismiss, Petitioner states that, "It is settled that Petitioner does have a pending PCR appeal in state court." (Doc. #27).

As noted, the PCR court allowed Petitioner to file a belated appeal with regard to his first PCR application. On March 22, 2010, Petitioner filed the notice of appeal in the Supreme Court of South Carolina to secure the belated review and that appeal is still pending. Therefore, an avenue of state relief would still be available and Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  See, e.g., Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983).   Thus, dismissal of this action without prejudice to allow Petitioner to fully exhaust his claims is appropriate.  See Rose, 455 U.S. at 515.

In his response to the motion to dismiss, Petitioner asserts that, "[t]he entire purpose of these current habeas proceedings is to protect Petitioner's right to federal review of his constitutional claims. It is settled that Petitioner does have a pending PCR appeal in the state court. However, due to the fact that Petitioner's release date was fastly approaching he had to initiate these proceedings in order to preserve his right to federal review of his claims and to guarantee that his claims will actually be review by a higher court." (Doc. #27).  As noted from Judge Floyd's Order in case 4:08-

3871-HFF-TER[2], Petitioner raised the same argument that "this Court should act now and provide habeas relief because, even though he has been granted an opportunity to appeal his first PCR in state court, by the time the state court reviews his appeal, he will be released from custody." (4: 08-3871, doc. # 51) As Judge Floyd found in this previous habeas case, "Petitioner has failed to demonstrate that the state courts will be unable to afford him relief, should he prevail in his appeal."[3]

## VII. CONCLUSION

For the reasons set forth above, it is recommended Respondent's Motion to Dismiss (Document # 22) be granted and the case be dismissed without prejudice to allow Petitioner the opportunity to exhaust all state court remedies.

---

[2] Petitioner raised the same ground for relief in his habeas petition in 4:08-3871-HFF-TER as raised in this current habeas petition.

[3] This court may take judicial notice of Civil Action No. 4:08-3871-HFF-TER. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).
   The above-captioned case is subject to dismissal for some of the same reasons the complaint filed in Civil Action No. 4:08-3871-HFF-TER was subject dismissal. *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:
> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

March 22, 2011  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**