IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Joseph Francis, | ) |
| Petitioner, | ) Civil Action No. 4:10cv-1663-RMG-TER |
| vs. | ) **ORDER** |
| Warden, Evans Correctional Institute, | ) |
| Respondent. | ) |

Plaintiff brought this action pursuant to 28 U.S.C. § 2254. At the time of the filing Petitioner was in the custody of the South Carolina Department of Corrections but presently he is on supervised release as part of his sentence for his Lancaster County convictions. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice to allow Petitioner to exhaust his state court remedies. The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This

1

Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCAR 207; *Blakeley v. Rabon*, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). *See* S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When a petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *Rose,* 455 U.S. at 515.

Here, Respondent argues that the Petitioner has failed to exhaust state remedies. In the response to the motion to dismiss, Petitioner states that, "It is settled that Petitioner does have a pending PCR appeal in state court." (Doc. #27). As noted, the PCR court allowed Petitioner to file a belated appeal with regard to his first PCR application. On March 22, 2010, Petitioner filed the notice of appeal in the Supreme Court of South Carolina to secure the belated review and that appeal is still pending. Therefore, an avenue of state relief would still be available and Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Petitioner contends "this Court should act now and provide habeas relief because, even though he has been granted an opportunity to appeal his first PCR in state court, by the time the state court reviews his appeal, he will be released from custody." (4: 08- 3871, doc. # 51) As Judge Floyd found in this previous habeas case, "Petitioner has failed to demonstrate that the state courts will be unable to afford him relief, should he prevail in his appeal." The same is true again and the matter must be dismissed without prejudice to permit the completion of the state PCR process.

## Conclusion

Based on the above, this Court dismisses the above-captioned action without prejudice to allow Petitioner to exhaust his state court remedies.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

       **AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 8, 2011
Charleston, South Carolina